## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CITY OF SHAWNEE, KANSAS,** | ) | |
| **A Municipal Corporation,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **D. F. FREEMAN CONTRACTORS, INC.,** | ) | |
| **A Kansas Corporation,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 06-2389-GLR** |
| | ) | |
| **ARGONAUT INSURANCE COMPANY,** | ) | |
| **A California corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF CITY OF SHAWNEE'S MEMORANDUM IN SUPPORT
## OF ITS MOTION TO ALTER OR AMEND THE JUDGMENT
## <u>PURSUANT TO RULE 59 OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>

The City has filed its Motion concurring with the court's finding and concluding that Argonaut is not relieved of its duty to defend the City in the Freeman suit as a result of Exclusion B.5 of the policy for "claims flowing from or originating out of a breach of contract …" nor is Argonaut relieved of its duty to defend the City by Exclusion B.6. of the policy for claims "flowing from or originating out of the faulty preparation of bid specifications". The City has respectfully asked the court to reconsider its finding and conclusion that Freeman's communications to the City prior to January 1, 2006, constituted a written claim for damages within the meaning of the policy and that therefore the claim was not first made during the policy period thereby relieving Defendant Argonaut of any obligation to defend the City.

The Plaintiff submits this Memorandum in Support of its Motion to Alter or Amend the Judgment entered on March 28, 2008.

1.      The court in Sections A, B, C and D of its Memorandum and Order discusses and enters rulings on the four different exclusions or exceptions, which Argonaut argues releases it of any obligation to defend the City on the Negligent Misrepresentation claim asserted by Freeman in its Petition. Argonaut's argument comes down to two basic contentions. First, that the Negligent Misrepresentation claim is excepted because it is, in effect, a contract claim. Second, even if it was not a contract claim then it is excepted because the City knew or had a reasonable basis to know prior to the January 1, 2006, effective date of the policy, that a non-contract claim that would otherwise be covered by the policy was being asserted by Freeman. Put another way, Argonaut first argues that the claim isn't a tort claim and Argonaut secondly argues that the City knew or reasonably should have known prior to January 1, 2006, that Freeman's claim was a tort claim. The City respectfully suggests that the two positions are inconsistent and demonstrate the ambiguity of the adhesory insurance contract.

2.      As the court has noted, the Freeman Suit under the title "Negligent Misrepresentation" alleges:

> 69.     Defendant, ***during the course of business on the project***, falsely informed and represented to Freeman …
> …
> 72.     Defendant City ***failed to exercise reasonable care and competence*** in communicating the representations to D.F. Freeman. (Emphasis added.)

These are allegations that subsequent to the making of the contract the City committed a tort, a violation of a common law duty, a duty imposed by law and not by the contract. The City has discussed this distinction and its effect under Kansas law extensively on

page 13 and commencing on page 19 of its Memorandum in Opposition to Defendant Argonaut's Cross-Motion for Summary Judgment. The fundamental difference between a tort and a contract is known to laymen, as well as lawyers and the court, and are set forth in <u>Black's Law Dictionary</u>, 7th Ed., as follows:

> "Contract, n. 1. An agreement between two or more parties creating obligations that are enforceable or otherwise recognizable …"

> "Tort, 1. A civil wrong for which a remedy may be obtained, usu. in the form of damages; a breach of a duty that the law imposes on everyone in the same relation to one another as those involved in a given transaction."

3.      The court's Memorandum and Order, commencing at page 23, details various communications between Freeman and the City prior to January 1, 2006, which the court concluded constituted a written demand for damages under the policy and that this relieved the Defendant Argonaut of its duty to defend the City. These same communications also formed the basis for the court's conclusion that the City had a reasonable basis to believe that these were wrongful acts that might result in a claim or suit <u>under the insurance policy</u> and therefore coverage was excluded.

4.      The City urges the court to consider that all of these communications detailed by the court did not constitute a claim or notice of a suit that would be covered by the policy given the vague definitions in the policy. The problem starts with this contract of adhesions' failure to unambiguously define "wrongful act". The definition of "wrongful act" set out in the policy is in reality a non-definition. "Wrongful act" is defined as: "Any ***act***, error ***or*** omission by an insurer", without regard to "error" or "omission". (Emphasis added.)  The conjunctive "or" results in "wrongful act" being defined as "Any act". The word "act" is not linked to "error or omission". We in effect

have a "wrongful act" defined as an "act" and a definition of a term that uses the same term is not a definition.

5.      Under this definition any purchase of goods or services by the City would be a "wrongful act" and any demand that the City pay money for such goods and services would be a "claim" that could result in a suit against the City. Argonaut surely does not argue that any purchase of goods or services by the City or any contract to do so entered into by the City is a wrongful act that a demand or bill for payment is a "claim" under the policy. Yet Argonaut would argue that a later tort claim against the City by a party who had demanded payment from the City is excluded because the original demand was prior to the effective date of the policy. A claim or suit for "damages" which result from or involve a wrongful act is ambiguous. Argonaut should not be relieved of its duty to defend a claim for damages for an act where the insured had no reasonable basis to believe the act would result in a claim or suit covered by the policy.

6.      We then turn to the communications between Freeman and the City prior to January 1, 2006, which are generally set out in the court's Memorandum and Order commencing at page 23. The City urges the court to consider that all of these communications were reason for the City to be aware of a potential claim by Freeman sounding in contract but not a claim by Freeman sounding in tort, with only the latter being a "claim or suit under the insurance policy". As an example, of the communication the City cites from the Memorandum and Order with emphasis added by the City:

- Freeman's December 7, 2004, letter to the City "… the information ***contained in the contract*** is grossly misrepresentative of the actual field conditions encountered." (Emphasis added.) (p. 29)

- Freeman's December 20, 2004, letter to the City "... the status of the utilities **included in the contract** is severely misleading ..." (p. 29)

- The City's responding letter of January 7, 2005, "By the language set forth **in the construction contract documents** it is clear that the City was not misleading ..." (p. 29)

- Freeman's letter to the City of November 12, 2004, "... **the contract documents** have grossly misrepresented ..." (p. 24)

- Freeman's lengthy letter delivered to the City on December 6, 2005, makes reference to being "... a copy of the formal claim of D.F. Freeman **regarding the above-referenced project**." It is 24 pages of detail and on page 23 contains the paragraph commencing:

  > "D.F. Freeman reasonably relied **upon contract documents** in presenting its bid on the fixed date (December 1, 2004) **contract with the City**. D.F. Freeman discovered that utility and design representation **made in the contract** were incorrect. Utility relocations occurred over a year later than **stated in the contract**. Some utility conflicts were encountered in which utilities were not **shown on the drawings** ..." (Emphasis added.)

7.     The City concurs with the court's finding that these were communications to the City of Freeman's written demand for money for an alleged claim in regard to utilities made prior to January 1, 2006, the effective date of the policy. The City respectfully suggests that since all of the communications could reasonably be considered as a claim for a violation of obligations or duties imposed on the City by the contract,

they should not be considered as a demand for money damages for claims that would be covered by the insurance policy.

8.      The court, in its analysis, concluded that in this action to determine the obligation of an insurance company to defend a tort claim, an allegation that the City violated a duty of competence and care, an obligation created by law, has determined that the insurer is not relieved of its obligation to defend by the breach of contract exception nor by the faulty bid specification exception. The City believes it consistent to urge the court to not relieve the insurer of its obligation to defend a tort claim because of prior demands and discussion of a potential claim for breach of contract or faulty preparation of bid specifications, such prior demands and discussions were not reasonably calculated to give knowledge of the potential tort claim. For the reasons herein set forth, the City respectfully urges the court to alter or amend the determinations and conclusions set out in Sections C and D of its Discussion and Analysis contained in its Memorandum and Order of March 28, 2008, and to grant relief as prayed for in the City's Motion to Alter or Amend.

Respectfully Submitted by:

RAINEY & RAINEY

By: s/Marvin E. Rainey _____
    Marvin E. Rainey       #05538
    Commerce Plaza II
    7400 W. 110th St., Ste. 600
    Overland Park, KS 66210
    913-722-6106 (phone)
    913-789-7352 (fax)
    e-mail: mrainey-rainey@sbcglobal.net
    Attorney for Plaintiff City of Shawnee, Kansas

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of April, 2008, I electronically filed the above and foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Steve Miller, Esq.
MILLER LAW FIRM
4310 Madison Ave.
Kansas City, Missouri 64111
Telephone:  (816) 531-0755
Facsimile:    (816) 561-6361
*Attorney for Plaintiff D.F. Freeman Contractors, Inc.*

E. Wayne Taff
Merry M. Tucker
SHERMAN TAFF BANGERT THOMAS & CORONADO, P.C.
2890 City Center Square
1100 Main Street
P.O. Box 26530
Kansas City, Missouri 64196
Telephone:  (816) 471-6900
Facsimile:    (816) 471-6642
*Attorneys for Defendant Argonaut Insurance Company*

<u>s/Marvin E. Rainey</u>
Attorney for Plaintiff City of Shawnee