**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CITY OF SHAWNEE, KANSAS,** ) | |
| A Municipal Corporation. ) | |
| ) | |
| and ) | |
| ) | |
| **D. F. FREEMAN CONTRACTORS, INC.,** ) | |
| A Kansas Corporation, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 06-2389-GLR |
| ) | |
| **ARGONAUT INSURANCE COMPANY,** ) | |
| A California Corporation, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF CITY OF SHAWNEE'S RESPONSE**
**IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

Plaintiff, City of Shawnee, Kansas, (the "City"), submits this response in opposition to Defendant's Motion to Strike the City's Motion to Alter or Amend the Judgment. Defendant's contention that the Court lacks jurisdiction to consider the City's Rule 59(e) Motion because it was not timely filed is erroneous and therefore the Motion to Strike should be denied.

The Court entered its "Memorandum and Order" on March 28, 2008. Fed. R. Civ. P. 77(d)(1) provides:

> Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b).

D. Kan. Rule 5.4.10 further states:

1

> Immediately upon the entry of an order or judgment in an action assigned to the Electronic Filing System, the clerk will transmit to Filing Users in the case, in electronic form, a Notice of Electronic Filing. Electronic transmission of the Notice of Electronic Filing constitutes the notice required by Fed. R. Civ. P. 77(d)….

On March 28, 2008, the document entitled "Judgment in a Civil Case" was entered on the District Court's CM/ECF system which generated and electronically notified all attorney's of record with a notice of electronic filing. The various methods of service provided under Fed. R. Civ. P. 5(b)(2) are:

> A paper is served under this rule by:
>    (A) handing it to the person;
>    (B) leaving it:
>       (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
>       (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
>    (C) mailing it to the person's last known address - in which event service is complete upon mailing;
>    (D) leaving it with the court clerk if the person has no known address;
>    (E) sending it by electronic means if the person consented in writing - in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or
>    (F) delivering it by any other means that the person consented to in writing - in which event service is complete when the person making service delivers it to the agency designated to make delivery.

In accordance with Rule 77(d)(1) and D. Kan. Rule 5.4.10, the Clerk of the District Court served the notice of entry of the judgment or order in this case pursuant to Rule 5(b)(2)(E) using the Court's CM/ECF filing system which generates and electronically notifies all counsel of record. *See* Fed. R. Civ. P. 5(b)(3). Furthermore, the Civil Administrative Procedure manual for the CM/ECF filing system provides "[w]henever a pleading or other paper is filed electronically in accordance with these procedures, the System will generate a "Notice of Electronic Filing" to the filing party…" and "[i]f the recipient is a registered participant in the System, the System-

generated notice of electronic filing shall constitute service of the document by first class mail, postage prepaid."  (Civil Administrative Procedures Manual, p. 9).

Fed. R. Civ. P. 59(e) provides "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  In calculating the time period in which to act, Rule 6(a)(1) provides the day that begins the period is excluded and Rule 6(a)(2) excludes intermediate Saturdays, Sundays, and legal holidays when the period to act is less than 11 days. Furthermore, Rule 6(d) states:

> When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

Excluding the day the notice of Judgment was served, the City had until April 14, 2008 to file a motion pursuant to Rule 59(e), including 3 days pursuant to Rule 6(d) since the notice was served upon the City by electronic means under Rule 5(b)(2)(E).

The City timely filed it's Rule 59(e) Motion to Alter or Amend the Judgment on April 14, 2008.  The Court does not lack jurisdiction to consider the Motion.  Plaintiffs Motion to Strike the City's Motion should be denied.

    Respectfully submitted,

    RAINEY & RAINEY


    By:  s/ Marvin E. Rainey
        Marvin E. Rainey  #05538
        Commerce Plaza II
        7400 W. 110th Street, Ste. 600
        Overland Park, KS  66210
        913-722-6106 (phone)
        913-789-7352 (fax)
        e-mail: mrainey-rainey@sbcglobal.net
        Attorney for Plaintiff City of Shawnee, Kansas

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 1st day of May, 2008, I electronically filed the above and foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

  Steve Miller, Esq.
  MILLER LAW FIRM
  4310 Madison Ave.
  Kansas City, MO 64111
  Telephone: (816) 531-0755
  Facsimile: (816) 561-6361
  *Attorney for Plaintiff D. F. Freeman Contractors, Inc.*

  E. Wayne Taff
  Merry M. Tucker
  SHERMAN TAFF BANGERT THOMAS & CORONADO, P.C.
  2890 City Center Square
  1100 Main Street
  P.O. Box 26530
  Kansas City, MO 64196
  Telephone: (816) 471-6900
  Facsimile: (816) 471-6642
  *Attorneys for Defendant Argonaut Insurance Company*

            s/ Marvin E. Rainey
            Attorney for Plaintiff City of Shawnee