IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CITY OF SHAWNEE, KANSAS,
D. F. FREEMAN CONTRACTORS, INC.,

        **Plaintiffs,**

v.                                    **Case No.  06-2389-GLR**

ARGONAUT INSURANCE COMPANY,

        **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff City of Shawnee's Motion to Alter or Amend the Judgment Pursuant to Rule 59 of the Federal Rules of Civil Procedure (doc. 60), Defendant's Motion to Strike and/or Response in Opposition to Plaintiff City's Motion to Alter or Amend the Judgment (doc. 62), and Plaintiff City of Shawnee's Motion for an Extension of Time to File a Notice of Appeal (doc. 64).  This case involves a claim for insurance coverage under a liability policy issued to Plaintiff City of Shawnee, Kansas ("City") by Defendant Argonaut Insurance Company.  The City sought a declaration that the Public Officials' Liability Coverage Part of its policy covers a claim for negligent misrepresentation, asserted against it in a lawsuit filed in the District Court of Johnson County, Kansas, by co-plaintiff D. F. Freeman Contractors, Inc.

On March 28, 2008, the Court entered summary judgment in favor of Defendant and against Plaintiffs upon all claims asserted in the First Amended Complaint and the Counterclaim.  On April 14, Plaintiff City filed its Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e).  On April 28, 2008, Defendant filed a Motion to Strike and/or response in opposition to the Plaintiff

City's Rule 59(e) Motion.  Defendant contends that Plaintiff City's 59(e) Motion was untimely filed eleven days after judgment in violation of the time requirement specified in Fed. R. Civ. P 59(e).

## I.  Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)

Pursuant to Federal Rule of Civil Procedure 59(e), any motion to alter or amend a judgment "must be filed no later than 10 days after the entry of the judgment."  The three additional days described in Federal Rule of Civil Procedure 6(d) cannot be utilized to extend Rule 59(e)'s ten-day deadline because the deadline is triggered by entry of judgment, not by service of notice or other paper as contemplated by Rule 6(d).[1]  Moreover, the court has no authority to extend the 10-day deadline for filing Rule 59(e) motions to amend or alter judgment.[2]

Judgment in this case was entered on March 28, 2008.  Excluding weekends and legal holidays,  as required by Rule 6(a)(2), Plaintiff City's motion to alter or amend must have been filed no later than April 11, 2008.  Plaintiff City, however, did not file its Motion to Alter or Amend the Judgment pursuant to Rule 59(e) until April 14, 2008.  As the Court has no authority to extend the 10-day period for filing Rule 59(e) motions, Plaintiff City's Motion to Alter or Amend the Judgment pursuant to Rule 59(e) is denied as untimely.

This does not, however, end the inquiry.  Failure to comply with the deadline of ten days is not fatal to addressing the motion.  Because the Court lacks jurisdiction to consider the untimely

---

[1] *Parker v. Bd. of Pub. Utils.*, 77 F.3d 1289, 1290-91 (10th Cir. 1996).  Fed. R. Civ. P. 6(d) was formerly subsection 6(e) and was changed effective December 1, 2007 as part of the general stylistic 2007 amendments to the Federal Rules of Civil Procedure.

[2] *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b), except as those rules allow").  *See also Shaw v. Panasonic Co.*, 98 F.3d 1350, 1996 WL 584918, at *3  (D. Kan. Oct. 11, 1996) (unpub.) (district court has no authority under Fed. R. Civ. P. 6(b) to extend the time in which to file a Rule 59(e) motion).

motion under Rule 59(e),[3] it must treat the motion as one for relief from judgment under Rule 60(b).[4]

Whether a motion is construed as a Rule 59(e) or Rule 60(b) motion depends upon the time in which

the motion is filed.[5]  If a motion is served within ten days of the entry of judgment, the motion

ordinarily will fall under Rule 59(e).[6]  If the motion is served after that time, it falls under Rule

60(b).[7]  As Plaintiff City's motion was served eleven days after judgment was entered, the Court will

thus construe the motion as one for relief from judgment under Rule 60(b).

Under Rule 60(b), a district court may relieve a party from a final judgment for any of the

following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been
     discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
     misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier
     judgment that has been reversed or vacated; or applying it prospectively is no
     longer equitable; or
(6) any other reason that justifies relief.

---

[3]*See Watson v. Ward,* 404 F.3d 1230, 1231-32 (10th Cir. 2005) (district court lacks jurisdiction to grant Rule 59(e) motion).

[4]*Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[5]*Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (quoting *Van Skiver,* 952 F.2d at 1243).

[6]*Id.*

[7]*Id.*

Relief from judgment is justified only in exceptional circumstances.[8]  A party may not obtain relief under Rule 60(b) by asking the court to revisit issues that have already been addressed or by advancing new arguments or supporting facts which were otherwise available when the motion for sanctions was considered.[9]  Arguments that the court misapplied the law or misunderstood a party's position are properly brought under Rule 59(e), but do not justify relief under Rule 60(b).[10]

In its motion, Plaintiff City asks the Court to reconsider its finding and conclusion that Freeman's communications to the City prior to January 1, 2006, constituted a written claim for damages within the meaning of the policy.  The City argues, therefore, that Defendant Argonaut was not relieved of an obligation to defend the City.

Upon review, the Court finds that Plaintiff City has failed to show a basis for relief under any of the grounds set forth in Rule 60(b).  Plaintiff City's motion merely seeks to revisit issues previously argued and resolved by the Court.  Rule 60(b) relief is not available to allow a party merely to reargue issues previously addressed by the court.[11]

## II.   Motion for an Extension of Time to File a Notice of Appeal

Plaintiff City has also filed a Motion for an Extension of Time to File a Notice of Appeal. Pursuant to Fed. R. App. P. 4(a)(5), it seeks an extension for alleged excusable neglect.  It explains that it misconstrued Fed. R. Civ. P. 6(d) as providing three additional days to timely file a Rule 59(e) motion, which would have tolled the time for filing a notice of appeal.

---

[8]*Van Skiver*, 952 F.2d at 1243-44.

[9]*Id.*

[10]*Id.* at 1244.

[11]*Allender*, 439 F.3d at 1242 (citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) and *Van Skiver*, 952 F.2d at 1243).

Federal Rule of Appellate Procedure 4(a)(4)(A)(iv) provides that when a party *timely files* certain types of motions, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion."[12]   Included in the list of motions which stay the appeal time are: motions to alter or amend the judgment under Rule 59,[13] and motions for relief under Rule 60 *"if the motion is filed no later than 10 days after the judgment is entered."*[14]   Plaintiff City's Motion to Amend or Alter Judgment was filed more than 10 days after judgment was entered and  thus is untimely.   Plaintiff City therefore cannot avail itself of Fed. R. App. P. 4(a)(4)(A), which stays the time for appeal until the court rules on the pending motions.   The time for filing an appeal is then governed by Fed. R. App. P. 4(a)(1)(A).   It provides that in civil cases "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."   Plaintiff City failed to file a notice of appeal within 30 days of the judgment of March 28, 2008.

Fed. R. App. P. 4(a)(5) allows the district court to extend the time to file a notice of appeal in certain circumstances.   It provides that the time to file a notice of appeal may be extended if: "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."[15]

---

[12]Fed. R. App. P. 4(a)(4)(A).

[13]Fed. R. App. P. 4(a)(4)(A)(iv).

[14]Fed. R. App. P. 4(a)(4)(A)(vi) (emphasis added).

[15]Fed. R. App. P. 4(a)(5)(A).

5

Plaintiff City filed its Motion for an Extension of Time to File a Notice of Appeal on May 1, 2008.  The motion was filed within 30 days after the date that its notice of appeal was due, and thus within the time period for moving for an extension of time under Fed. R. App. P. 4(a)(5)(A)(i).  The Court thus can extend the time to file a notice of appeal if it finds that Plaintiff City has shown excusable neglect or good cause.  Plaintiff City asserts that its untimely filing of a motion under Rule 59(e) was the result of inadvertent and excusable neglect in misconstruing Fed. R. Civ. P. 6(d).  It misconstrued the rule as providing three additional days, when notice of the judgment was served electronically.  This error was a result of a misunderstanding of the Federal Rules of Civil Procedure and the Court's Case Management/Electronic Case Filing ("CM/ECF") system of electronic notices. It contends that Defendant has suffered no prejudice as a result of its genuine confusion.

In *Pioneer Investment Services Co. v. Brunswick Assoc.'s Ltd. P'ship*,[16] the Supreme Court interpreted the meaning of "excusable neglect" in the context of the provision for late filings in Bankruptcy Rule 9006(b).  The Court concluded that the determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[17]  These circumstances include (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on the judicial proceedings, (3) the reason for the delay and whether it was in the reasonable control of the party, and (4) whether the movant acted in good faith.[18]  The *Pioneer* Court recognized that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that

---

[16] 507 U.S. 380, 394-95 (1993).

[17] *Id.* at 395.

[18] *Id.*

6

'excusable neglect' . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."[19]

   The Tenth Circuit Court of Appeals applies the four-factor *Pioneer* test for "excusable neglect" in deciding whether to extend the time to file a notice of appeal under Fed. R. Civ. P. 4(a)(5).[20]  In *City of Chanute v. Williams Natural Gas Co.*,[21] the Tenth Circuit, however, found that, of the four *Pioneer* factors, "fault in the delay remains a very important factor--perhaps the most important single factor--in determining whether neglect is excusable."[22]  In *United States v. Torres*, the Tenth Circuit again noted that even after the Supreme Court adopted an equitable, balancing test for determining what constitutes "excusable neglect," several circuits have "embraced the rule that 'the excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.'"[23]  The *Torres* court reiterated that the four *Pioneer* factors do not carry equal weight; rather the excuse given for the late filing remains a very important factor in determining whether neglect is excusable.[24]  "In our view, defense counsel's

---

[19]*Id.* at 392.

[20]*See U.S. v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004); *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) ("[b]ecause the [*Pioneer*] Court's analysis of what constitutes 'excusable neglect' in the bankruptcy context rested on the plain meaning of the terms, there is no reason that the meaning would be different in the context of Fed. R. App. P. 4(a)(5).").

[21]31 F.3d 1041, 1046 (10th Cir. 1994).

[22]*Id.*

[23]*Torres*, 372 F.3d at 1163 (quoting *Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994)).

[24]*Id.*

misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless '[t]he word "excusable" [is to be] read out of the rule.'"[25]

Applying the four *Pioneer* factors, the Court finds no showing of any prejudice to Defendant from the delay. In addition, the length of the delay is minimal and will not significantly disrupt judicial proceedings. The Court finds no suggestion that Plaintiff City acted in bad faith. The third factor, i.e. the reason for the delay, however, strongly weighs against Plaintiff City. The Tenth Circuit has found that "fault in the delay remains a very important factor-perhaps the most important single factor-in determining whether neglect is excusable."[26] Although the Supreme Court has noted that "excusable neglect" may encompass some situations in which the failure to comply with a deadline is attributable to negligence, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."[27] Accordingly, even absent prejudice to the opposing party or disruption of judicial proceedings, a party's misunderstanding of the law or unfamiliarity with rules of procedure will not constitute excusable neglect.[28]

Several cases have held that miscalculation of the appeal deadline because of an incorrect assumption that time began to run from the date of service of the judgment, plus three days for mailing, does not constitute excusable neglect.[29] At least four courts of appeals have found,

---

[25]*Id.* at 1163-1164 (quoting *Prizezoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996)).

[26]*Chanute*, 31 F.3d at 1046.

[27]*Pioneer*, 507 U.S. at 392, 394.

[28]*See Farthing v. City of Shawnee, Kan.*, No. 92-2332-JWL, 1994 WL 68715, at *1 (D. Kan. Jan. 12, 1994) ("Generally, mistake of the law or unfamiliarity with rules of procedure will not constitute excusable neglect").

[29]*See Knoll v. Equinox Fitness Clubs*, No. 02 Civ. 9120(SAS), 2007 WL 1075019, at *3 (S.D.N.Y. Apr. 5, 2007) (counsel's error in misinterpreting the applicable time limit to provide an

moreover, that district courts abused their discretion by granting Rule 4(a)(5) extensions upon

mistakes like that of Plaintiff City in this case, in calculating time from the date of service of

judgment, rather than the date of entry, and adding three additional days for mailing.[30] Furthermore,

in each of these cases, the courts denied extension, regardless of the other three factors in the *Pioneer*

test.  As in the instant case, none of the courts concluded that the party had acted in bad faith,

engaged in excessive delay, or caused prejudice to the other side.

For these reasons, the Court finds that misconstruing Fed. R. Civ. P. 6(d) as providing three

additional days to timely file its motion, when notice of the judgment was served electronically, does

not constitute excusable neglect.  The law appears to be clear in the Tenth Circuit that the three-day

mail provision of Rule 6(d) does not apply to a motion pursuant to Rule 59(e) and does not extend

---

additional three days for mailing not considered excusable neglect or good cause)*; State of Utah v. U.S. Dep't. of Interior*, No. 98CV380K, 2000 WL 33710905, at *2 (D. Utah Sept. 8, 2000) (the plaintiffs' miscalculation of the appeal deadline based on their incorrect assumption that the clock began to run from the date of service of the Judgment, plus three days for mailing, does not constitute excusable neglect); *Pierce v. Engle*, 129 F.R.D. 187, 188 (D. Kan. 1990) (the plaintiffs' miscalculation of the mailing statute by failing to count the date of entry of the judgment and adding three days for mailing did not meet the excusable neglect standard).

[30]*See McCarty v. Astrue,* 528 F.3d 541, 545 (7th Cir. 2008) (district court abused its discretion by granting Fed. R. App. P. 4(a)(5) extension based on attorney's misunderstanding that Fed. R. Civ. P. 6(e) gave him three extra days to file a notice of appeal);  *Midwest Employers Cas. Co. v. Williams,* 161 F.3d 877, 879-80 (5th Cir. 1998) (reversing Rule 4(a)(5) extension granted by district court when attorney mistakenly thought Fed. R. Civ. P. 6(e) gave him three extra days in which to file a motion for a new trial, which would have tolled the thirty-day Rule 4(a) period); *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931-32 (9th Cir. 1994) (district court abused its discretion by granting Rule 4(a)(5) extension, when attorney mistakenly believed that under Fed. R. Civ. P. 6(e) the Rule 4(a) period began three days after the judgment was mailed, because the rules were "nonambiguous"); *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997) ("an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline").

the ten-day time period under that rule.[31]  A quick research session would have revealed that the three additional days permitted by Rule 6(d) does not apply to cases involving judgments.  That Plaintiff City received electronic notice of the judgment has no consequence.   The three additional days allowed by Rule 6(d) does not extend the deadline of Rule 59(e), regardless of how the judgment is served.  Entry of the judgment triggers the deadline, and not service of it.  Plaintiff City has not shown excusable neglect.

The Court notes that Fed. R. App. P. 4(a)(5)(A) permits a court to allow an extension if a party shows either "good cause" or "excusable neglect."  Although the parties have not argued "good cause" as the basis for an extension of time, the Court simply makes the following observations:  The advisory committee notes to the 2002 amendments to the rule distinguish the two standards as follows:

> The good cause and excusable neglect standards have "different domains." They are not interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault--excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.[32]

The Tenth Circuit appears to follow the advisory committee notes to the 2002 amendments and limit the availability of "good cause" to "a narrow class of cases in which a traditional 'excusable

---

[31]*Parker*, 77 F.3d at 1290-91; *Heffington v. Sedgwick County Dist. Court*, 214 Fed. Appx. 800, 802 (10th Cir. 2007) (unpub.);  *Kaster v. Safeco Ins. Co. of Am.*, No. 01-2190-JWL, 2002 WL 31398759, at *1 (D. Kan. Oct. 8, 2002);  *Rojas v. Am. Postal Workers Union*, No. 94-1083-JTM, 1998 WL 288665, at *1 (D. Kan. May 5, 1998).

[32]Fed. R. App. P. 4(a)(5)(A) advisory committee's note to 2002 amendments (internal citations omitted).

neglect' analysis would be inapposite."[33]  Good cause comes into play "in situations in which there is no fault-excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[34]

In this case, the criterion of "good cause" appears unavailable.  Plaintiff City's alleged need for the extension was occasioned by its misinterpretation of the Federal Rules, which is within its control and due to its own fault.  This is not one of the narrow classes of cases permitting a mere showing of "good cause," where there is no fault and the need for the extension is due to circumstances not within the control of the requesting party.

**IT IS THEREFORE ORDERED THAT** Plaintiff City of Shawnee's Motion to Alter or Amend the Judgment Pursuant to Rule 59 of the Federal Rules of Civil Procedure (doc. 60) is denied as untimely and Defendant's Motion to Strike the motion (doc. 62) is sustained.

**IT IS FURTHER ORDERED THAT** Plaintiff City of Shawnee's Motion for an Extension of Time to File a Notice of Appeal (doc. 64) is denied.

**IT IS FURTHER ORDERED THAT** Plaintiff City's request for oral argument on its Motion to Alter or Amend the Judgment is denied.

Dated in Kansas City, Kansas on this 2nd day of July, 2008.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

---

[33]*Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004) (quoting *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000)).

[34]*Bishop*, 371 F.3d at 1207.  *See also Magraff v. Lowes HIW, Inc.*, 217 Fed. Appx. 759, 761 (10th Cir. 2007)(unpub.) (The alternative justification of "good cause" under Rule 4(a)(5) is a more narrow standard, employed where the "excusable neglect" analysis is inappropriate.).

11